**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS INDIA LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., F/K/A TRANSTATE HOLDINGS, INC.; and ROBERT A. ("ANDY") WHEELER, individually and in his capacity as executor and personal representative of the Estate of DANIEL WHEELER,<br><br>Defendants. | Civil Action No.<br><br>1:17-cv-02864-SDG |

**<u>ROBERT A. ("ANDY") WHEELER'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE</u>**

# INTRODUCTION

Plaintiffs amended their complaint in May 2019 to add the Wheeler Defendants and then filed three successive related actions in the Western District of North Carolina in June, July, and September 2019. Philips brought these new actions against the Wheeler Defendants, TEC Holdings, Inc. ("TEC"), and Transtate Equipment Company, Inc. ("Transtate") employees and all have the same genesis: the purported unauthorized access of Philips' software and information during the service of Philips-manufactured medical imaging systems. These related cases are the compelling reasons to grant the motion to transfer so one court can coordinate discovery and decide dispositive legal issues relating to Philips' alleged trade secrets and copyrights.

Philips' Opposition does little to argue that these are not compelling reasons to transfer this case. It accuses the Wheeler Defendants of making their transfer request too long into this litigation, but overlooks that it is Philips' filings of the North Carolina actions that led the Wheeler Defendants to promptly seek transfer of this case. It claims that the actions are not related, but does not contest that both courts will decide the same dispositive legal issues or that Philips seeks overlapping discovery across all four actions, including the depositions of TEC, Dorow, Griswold, and Zimmerman, who are defendants in the North Carolina

cases. It claims that this case is entitled to the presumptions of the first-filed rule, but that rule only applies to successive actions filed by defendants after the first action; not successive actions filed by the plaintiff as is the case here.

An analysis of the nine transfer factors shows that the scales tip heavily in favor of transfer. The most important factor—convenience of the witnesses—strongly weighs in favor of transfer. Philips' Opposition confirms there are **zero** key witnesses who reside in this district and numerous key witnesses who reside in North Carolina. Case law does not support Philips' nonsensical argument that this factor weighs against transfer because Transtate's operations are national in scope. Philips concedes that convenience of the parties and locus of operative facts favor transfer and the relative means of the parties and governing law are, at minimum, neutral. Philips' arguments on the remaining factors blur the core issue here: this district has limited ties or interest to the dispute and North Carolina has abundant ties to this case and the three related actions. It follows that transfer will best serve the interests and efficient administration of justice.

## ARGUMENT

### I. This Case Is Related to the Three Actions Pending in North Carolina and Should be Transferred There

The Court can forgo a rigorous analysis of all nine factors based on the simple fact that Philips filed three related proceedings over the past six months in

the Western District of North Carolina.[1] These cases arise from the same core facts alleged here—the purported unauthorized access of Philips' software and information when Defendants service medical imaging systems manufactured by Philips—and assert similar legal theories, among others, for misappropriation of trade secrets, and violations of the Computer Fraud and Abuse Act ("CFAA") and the Digital Millennium Copyright Act ("DMCA").[2] Two of the cases derive from Dorow, Griswold, and Zimmerman being Transtate employees. Indeed, the Court previously found that the North Carolina cases "will be related to this action," when Philips requested permission from the Court to use discovery obtained in this case to prepare its North Carolina cases.[3] Now, Philips has taken the position that "the issues in each case are manifestly unique to each defendant" based on Dorow, Griswold, and Zimmerman having purported contractual obligations to Philips.[4] Philips ignores that in the North Carolina actions it has to establish many of the same elements against the Wheeler Defendants, TEC, and the Transtate employees to succeed on its trade secret, copyright, DMCA, and CFAA claims.[5]

---

[1] DE 208-1 at 11-14.
[2] *Id.* at 13.
[3] DE 136 at 3 (finding "there is simply no question that a future action against the *current Defendants' employees* will be related to this action").
[4] DE 220 at 17.
[5] DE 208-1 at 8-9.

Philips' Opposition does not even address these overlapping issues in the Dorow/Griswold and Zimmerman actions. Instead, it focuses on the differences between the claims asserted here and the claims asserted in the fraudulent conveyance action against the Wheeler Defendants and TEC, but ignores that the success of that action is dependent on Philips succeeding here. In other words, the fraudulent conveyance action does not exist without this one. And despite these co-dependencies, the Wheeler Defendants and TEC are defending two lawsuits against Philips in two different forums.

Philips next argues that "res judicata and collateral estoppel prevent inconsistent results."[6] Those doctrines are not relevant to a transfer analysis. Further, the cases Philips cites support the Wheeler Defendants' transfer request as the courts in those cases previously transferred the cases to one district. In *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014), the cases were consolidated and the "res judicata" issue the Eleventh Circuit decided related to whether certain organizations had to be joined under Rule 19. Likewise, in *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296 (11th Cir. 2010), the related cases were transferred to the Southern District of Florida, and provided no discussion of how res judicata or collateral estoppel apply to a transfer analysis.

[6] DE 220 at 12.

Res judicata and collateral estoppel will not reduce the "wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent."[7]

## II. The First-Filed Rule Does Not Apply Here

Philips, unwilling to acknowledge that its own litigation strategy of filing successive related cases in North Carolina has led the Wheeler Defendants to seek transfer, argues that it is entitled to the protections of the first-filed rule.[8] The first-filed rule, however, does not apply. The first-filed rule involves situations where the *defendant* in the first-filed action subsequently filed suit in another forum on the same issues asserted in the original suit. This occurred in each of Philips' cited cases.[9] Here, no Defendant has filed a subsequent action against Philips anywhere. To the contrary, it is *Philips* who filed three subsequent actions in two forums with inextricably intertwined claims based on a common nucleus of operative facts.[10]

---

[7] *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

[8] DE 220 at 14-15.

[9] *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (applying first-filed rule where defendant subsequently filed suit in another forum); *Martin v. S.C. Bank*, 811 F. Supp. 679, 685-86 (M.D. Ga. 1992) (same); *Fairbanks Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:13-CV-2399-MHC, 2015 WL 11232355, at *2-8 (N.D. Ga. Feb. 11, 2015) (same); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

[10] *See Intendis, Inc. v. River's Edge Pharm., LLC*, No. 1:11-CV-01634-RLV, 2011 WL 13096139, at *1 (N.D. Ga. Oct. 24, 2011) (finding that first-filed rule did not apply where the same party filed both pending actions).

## III. The Private and Public Factors Weigh in Favor of Transfer

Philips' opposition concedes that this case could have been brought in the Western District of North Carolina and two of the nine factors weigh in favor of transfer: convenience of the parties and locus of operative facts.[11] The parties further agree that governing law is neutral and that plaintiff's choice of forum weighs against transfer (although this is entitled to less weight because no party resides in this district and the core facts occurred elsewhere).[12]

Five of the nine factors remain in dispute. Philips argues that discovery has only tipped the scales further against transfer since Judge May's decision. To the contrary, discovery has revealed that none of the key witnesses reside in this district, tipping the most important factor—convenience of the witnesses—in favor of transfer. The remaining factors in dispute (location of evidence, availability of process to compel attendance, relative means of parties, and trial efficiency and interest of justice) also weigh strongly in favor of transfer.

### A. Convenience of the Witnesses Favor Transfer

None of the key witnesses (party or non-party) are located in the Northern District of Georgia. On the other hand, an overwhelming number of key witnesses

[11] DE 220 at 23.
[12] *See* DE 208-1 at 22 n.69 and n.70.

reside in the Western District of North Carolina. Philips' Opposition does not identify any non-party witnesses that reside in this district. Instead, it implies that it has served four subpoenas that tip this factor in its favor, but without explaining what the subpoenas were for or on whom they were served.[13] Philips' omission of this information is telling and the fact is, aside from the subpoenas served on Dorow and Griswold (both North Carolina residents and defendants in one of the North Carolina actions), Philips served six document production subpoenas: Genesis Medical System (Iowa), Desert Regional Medical System (California), Medical Imaging Solutions Group, Inc. (Georgia), Renovo Solutions, LLC (California), RSTI (Ohio), and Jordon Health Products (Illinois).[14] These subpoenas do not alter the weight of this factor in the Wheeler Defendants' favor.

Likewise, Philips claims that Transtate's service records show that more service locations are located here relative to the Western District of North Carolina. That is not true[15] and, even if it was, Philips does not claim that any of these customers are key witnesses. Equally misleading is Philips' claim that it does not know the key witnesses in this district because Philips has been unable to take the

[13] DE 220 at 19.
[14] Philips also deposed non-party Thomas Couts, who is located in California.
[15] Declaration of Robert A. ("Andy") Wheeler dated Dec. 4, 2019, ¶¶ 4-7.

depositions of Transtate employees.[16] The parties have taken 19 depositions, including 7 Transtate employees, and Philips knows the purported non-party witnesses in this district because they would be its customers. Philips does not need any further discovery to identify potential non-party witnesses.

Philips also claims that this factor weighs against transfer because Transtate's business is national in scope and a review of its service records show that its employees travel the country.[17] This is irrelevant to the convenience of the witnesses, many of which reside in the Western District of North Carolina. The fact that the Wheeler Defendants have identified Dorow, Griswold, and Zimmerman as likely witnesses does not eliminate the inconvenience for them and their employer to participate in multiple lawsuits across two different venues when transfer of the case can easily eliminate this inconvenience. While the Court previously gave less weight to this factor for Transtate employees,[18] the Court relied exclusively on *Sarvint Technologies, Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250, 1268 (N.D. Ga. 2015). *Sarvint*, however, is distinguishable here. In that case, Sarvint "identified at least six non-party witnesses from whom it expects to seek

[16] DE 220 at 19.
[17] *Id.*
[18] DE 39.

testimony, all of whom reside in the Northern District of Georgia."[19] Philips, unlike Sarvint, has not identified any non-party witnesses in this district. In sum, keeping the case here requires every key witness to travel. On the other hand, transfer would be more convenient for the Wheeler Defendants, TEC, Dorow, Griswold, and Zimmerman (and any other North Carolina witness) so that they testify in the district in which they reside.[20] This factor strongly favors transfer.

### B. Location of Relevant Documents and the Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer

Philips' Opposition concedes that none of the documents in this case are located physically in Georgia and the Wheeler Defendants' and Transtate's documents are located in North Carolina. It argues that the existence of electronic discovery and the fact that the Defendants produced electronic documents weighs against transfer.[21] Philips ignores that the documentary evidence encompasses more than just electronic documents. Transtate has produced copies of two "book boxes" to date (totaling 6,133 pages) and expects to produce approximately 12 book boxes. These book boxes are physically located in North Carolina and the

[19] *Sarvint Techs.*, 161 F. Supp. 3d at 1268.
[20] *Wilson v. ChoicePoint, Inc.*, No. 1:05-CV-1604-JOF, 2006 WL 8432437, at *3 (N.D. Ga. Feb. 28, 2006) (transfer would be "much more convenient" for witnesses so that they would only have to testify in one district).
[21] DE 220 at 21.

Defendants intend to use the original hard copies as part of their defense of this action. Likewise, it may be necessary for a jury to see one or more of the Transtate-owned Philips systems at issue in the litigation that are located at Transtate's facilities in North Carolina.[22] This factor weighs in favor of transfer.

### C. Availability of Process to Compel Attendance of Unwilling Witnesses Favors Transfer

Judge May previously found that this factor was neutral because at the time this case was filed Philips alleged that testimony of hospital employees located in both the Northern District of Georgia and Western District of North Carolina may be required.[23] Philips' Opposition concedes that it has not sought the testimony of any hospital employee located in Georgia.[24] It does not even argue that there are witnesses within the Court's subpoena power that will be called at trial. Undeterred, Philips argues that this factor has now moved from neutral to opposing transfer because Transtate's service records purportedly show that more service activity occurred in Georgia relative to North Carolina.[25] Philips does not explain how service activity equates to witnesses within the Court's subpoena

[22] DE 14-2 at ¶¶ 19-22.
[23] DE 208-1 at 20.
[24] DE 220 at 19 (stating four subpoenas have been served outside of Western District of North Carolina but not identifying subpoenas served in this District).
[25] *Id.* at 21.

power. Nor does it cite any case law that shows this factor now weighs against transfer. This factor weighs strongly in favor of transfer.

**D. Relative Means of the Parties Favor Transfer**

Philips claims that this factor has moved from favoring transfer to neutral because [redacted][26] In the third quarter alone, the parent company of Philips had $4.7 billion (Euros) in revenue.[27] [redacted] Philips cites no authority that this factor only looks at the means of the defendant. Nor can they as the factor looks at the "relative means."

Important here, the presence of Mr. Wheeler, an individual defendant located in the Western District of North Carolina, tilts this factor strongly in favor of transfer.[28] Transfer would allow Mr. Wheeler to attend hearings and conferences before the court and take an active role in his defense in North Carolina, where he resides and works. The fact that Mr. Wheeler has maintained his obligations to the Court is not an indication that a hardship does not exist for

---

26 *Id.* at 22.

27 Philips' Q3 2019 Report, which can be found at https://www.results.philips.com/#/performance-highlights.

28 DE 208-1 at 21-22 (citing cases).

him to continue litigating the case in Georgia. Philips concedes that Mr. Wheeler does live and work in North Carolina, but does not respond to the Wheeler Defendants' cited authority. [redacted] This purported one-time payment, however, does not come close to leveling the "relative means" playing field and is inconsistent with Philips' position in the North Carolina case that Mr. Wheeler does not have sufficient resources to pay purported future judgments. Philips incorrectly claims that Mr. Wheeler was the "de-facto leader of TEC and Transtate's defense" for two years. Mr. Wheeler was not actively involved until the death of his father this year. The passing of Mr. Wheeler's father has amplified the hardship on Mr. Wheeler to defend two cases in two different capacities (personal and on behalf of his father's estate) and in two different jurisdictions. Lastly, Philips attacks Mr. Wheeler, Zimmerman, Griswold, and Dorow for hiring "a Washington, D.C. lawyer."[29] It is unclear how their choice of counsel influences this factor. But it stands unchallenged that transfer will allow the Wheeler Defendants to no longer need Georgia counsel.

**E. Trial Efficiency and the Interests of Justice Favor Transfer**

With the filing of three related actions in North Carolina, this factor weighs

[29] DE 220 at 23.

heavily in favor of transfer. Otherwise, the federal judiciary has multiple "actions proceeding apace, [presenting] the real possibility of inconsistent results and needless duplication of energy and effort."[30] The Wheeler Defendants explained that the North Carolina court will decide the same issues that are dispositive here for Philips' alleged trade secret claims, copyright claims, and CFAA claims and will hear from many of the same witnesses as in this case.[31]

Philips' Opposition does not address the efficiencies that are apparent in transferring the case. Instead, it argues that the Wheeler Defendants waited too long after "receiving notice of Philips' Second Amended Complaint" to file the motion to transfer.[32] This argument is a red herring. It is not the filing of the second amended complaint in May 2019 that gave rise to this transfer request, but Philips' filing of three related actions in North Carolina in June, July, and September 2019. The Wheeler Defendants began preparing the papers and moved to transfer in October 2019—a mere month after Philips' last lawsuit filed in North Carolina. Second, even if Mr. Wheeler waited "nine months," the case Philips cites in support of its position that the "delay weighs strongly against transfer" is

[30] *Blessing v. Norman*, 646 F. Supp. 82, 85 (N.D. Ga. 1986).
[31] DE 208-1 at 24.
[32] De 220 at 24.

inapposite.[33] In *Willis v. Okeechobee County*, No. 11-23765-CIV, 2012 WL 12845648, at *2 (S.D. Fla. Aug. 16, 2012), the defendant filed its motion to transfer eight months after the case was initiated and four months after the court had issued a scheduling order. During those four months, the parties "actively litigat[ed]" the case and pursued discovery pursuant to the scheduling order. Here, the Wheeler Defendants promptly filed their motion to transfer after Philips brought the North Carolina actions, and these parties did not engage in discovery from the filing of the second amended complaint up until the filing of the motion to transfer.[34] These facts and the promptness with which the Wheeler Defendants brought the instant motion support the grant of transfer.[35]

Philips argues judicial efficiency cannot be realized by transferring the case to North Carolina where three related actions are pending because "this Action is

---

[33] DE 220 at 24.

[34] The Wheeler Defendants served discovery after filing the motion to transfer.

[35] *Lixenberg v. Coogi Partners, LLC*, No. CV 17-2537-MWF, 2018 WL 4850402, at *5-6 (C.D. Cal. Feb. 27, 2018) (finding no delay where defendant filed motion to transfer nine months after case commenced and engaged in discovery); *Caldwell v. Compass Entm't Grp., LLC*, 2:12cv-000458-APG-GWF, 2014 WL 12610242, at *1, *6 (D. Nev. Oct. 17, 2014) (granting motion to transfer where motion was filed more than two years after defendants' motion to dismiss); *Fluid Control Prods., Inc. v. Aeromotive, Inc.*, No. 4:09-CV-1667, 2011 WL 620115, at *5 (E.D. Mo. Feb. 11, 2011) (granting motion to transfer where motion was filed 16 months after filing of case); *United States Fidelity and Guaranty Co. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1082-83 (E.D.N.Y. 1992) (granting motion to transfer when 10 months had passed).

nearing the end of discovery and is ready for a trial date."[36] This ignores that discovery here is still proceeding and Philips seeks to depose almost all of the defendants in the North Carolina actions—Andy Wheeler, TEC, Griswold, Dorow, and Zimmerman—in this case. Indeed, Philips repeatedly has insisted that it needs additional discovery in this case. Instead of having multiple depositions of the same individuals and TEC, a transfer would allow one court to coordinate a single deposition of each witness (and the scope of topics). That is the definition of efficiency.

Philips' claim that the parties in the North Carolina cases should have transferred those three cases here if they seek "trial efficiency" is absurd on its face given that all of the individuals and TEC reside in North Carolina and the parties have identified no Georgia-based witnesses.[37] But it is an admission that judicial efficiency will be realized by having all four actions heard in the same district.

**CONCLUSION**

The Wheeler Defendants request that this Court transfer the action to the Western District of North Carolina where three related actions are pending.

Respectfully submitted this 4th day of December, 2019.

---

[36] DE 220 at 24.
[37] DE 220 at 25.

*/s/ John C. Amabile*
John C. Amabile
Georgia Bar No. 014520
PARKER POE ADAMS & BERNSTEIN LLP
1180 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30309
(678) 690-5747
johnamabile@parkerpoe.com

Charles E. Raynal, IV
Georgia Bar No. 203704
PARKER POE ADAMS & BERNSTEIN LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
(919) 828-0564
charlesraynal@parkerpoe.com

Lora A. Brzezynski (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

David W. Higer (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr., Suite 3700
Chicago, Illinois 60606

Thatcher A. Rahmeier (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801

*Attorneys for Defendant Robert A. Wheeler, individually and on behalf of the Estate of Daniel Wheeler*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1 and 7.1 D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/ *John C. Amabile*
John C. Amabile
Georgia Bar No. 014520
PARKER POE ADAMS & BERNSTEIN LLP
1180 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30309
(678) 690-5750
johnamabile@parkerpoe.com

*Attorneys for Defendant Robert A. Wheeler, and on behalf of the Estate of Daniel Wheeler*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the Reply Brief in Support of Motion to Transfer was electronically filed with the Clerk using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 4th day of December, 2019.

/s/ *John C. Amabile*
John C. Amabile