**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS INDIA LTD., <br><br>  Philips, <br><br> v. <br><br> TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., F/K/A TRANSTATE HOLDINGS, INC., and ROBERT A. ("ANDY") WHEELER, individually and in his capacity as executor and personal representative of the estate of Daniel Wheeler, <br><br> Defendants. | Civil Action No. <br> 1:17-cv-02864-SDG |

**ORDER**

This matter is before the Court on Defendant Robert A. ("Andy") Wheeler's Motion to Transfer Venue [ECF 208] to the Western District of North Carolina ("WDNC"). For the reasons stated below, the Court **GRANTS** Defendant's motion.

**I.     BACKGROUND**

Plaintiffs represent various entities within a multinational company. Those entities, which the Court will refer to collectively as "Philips," include: Philips Medical Systems Nederland B.V., a Netherlands corporation; Philips North

America LLC, a Delaware LLC with its principal place of business in Massachusetts; and, Philips India Ltd., a foreign corporation with its principal place of business in India. ECF 139, ¶¶ 7–9. Defendants include: TEC Holdings, Inc. ("Transtate I"), formerly known as Transtate Equipment Company, Inc.; Transtate Equipment Company, Inc. ("Transtate II"), formerly known as Transtate Holdings, Inc.;[1] and, Defendant Andy Wheeler, individually and in his capacity as executor and personal representative of the Estate of Daniel Wheeler.[2] Transtate I is a North Carolina corporation with its principal place of business in North Carolina; Transtate II is a Delaware corporation with its principal place of business in Illinois; Andy Wheeler resides in North Carolina. ECF 139, ¶¶ 11–12, 17.

Philips develops, sells, supports, maintains, and services medical imaging systems (the "Systems"). ECF 139, ¶ 1. The Systems contain copyrighted and proprietary intellectual property and trade secrets, some of which can be used to service the Systems. *Id.* ¶ 3. Access to the proprietary software is limited to

---

[1] The Court will refer to Transtate I and II collectively as "Transtate."

[2] According to the Second Amended Complaint, Daniel Wheeler was the President of Transtate I until approximately March 23, 2019, when he passed away. ECF 139, ¶ 14. He was also the President of Transtate II until sometime in 2018 when his son, Andy Wheeler, succeeded him. *Id.* ¶¶ 14, 18. Andy Wheeler is also Vice President of Transtate I. *Id.* ¶ 18. According to Andy Wheeler's Declaration, he is the only officer of Transtate I. ECF 208-5, ¶ 5.

authorized individuals by access controls on the Systems themselves. *Id*. Transtate I and II provide maintenance and support services for some of those Systems. *Id*. ¶ 2.

Philips alleges that Defendants misappropriated and made unauthorized use of Philips' intellectual property after misappropriating trade secret information permitting Defendants to circumvent the access controls on the Systems. ECF 139, ¶ 4. Philips brought claims against Defendants for violations of the: Computer Fraud and Abuse Act, 18 U.S.C. § 1030; Digital Millennium Copyright Act, 17 U.S.C. § 1201; Defend Trade Secrets Act, 18 U.S.C. § 1836; Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq.*; and Copyright Act, 17 U.S.C. § 101 *et seq*.

On July 28, 2017, Philips filed the original complaint against Transtate I. ECF 1. On September 29, 2017, Transtate I sought to transfer venue to the WDNC. ECF 14. The Court denied that motion. ECF 39. Philips amended the complaint on October 20, 2017 to add claims against Transtate II. ECF 20. On February 14, 2019, Philips sought leave to amend the First Amended Complaint. ECF 105. The Court granted in part and denied in part the motion. ECF 135. In accordance with the Court's Order, Philips filed the Second Amended Complaint ("SAC") on May 23, 2019. ECF 139. The SAC added claims against Andy Wheeler individually

and in his capacity as executor and personal representative of his father's estate. On October 23, 2019, with the consent of the other Defendants, Defendant Wheeler moved to transfer the case to the WDNC. ECF 208-1.

Since the entry of the Court's order denying Transtate I's motion to transfer venue [ECF 39], Philips has filed three actions in the WDNC that are related to this case. On June 11, 2019, Philips North America LLC filed an action against Dale Dorow and William Griswold, two former Philips employees who now work for Transtate. ECF 208-2.[3] That complaint alleges Dorow and Griswold breached their employment agreements with Philips and disclosed confidential and trade secret information to Transtate. ECF 208-2, ¶¶ 4, 6. On July 30, 2019, Philips sued (among others) the very same defendants from this action. ECF 208-3.[4] That complaint alleges the defendants siphoned away their assets in an attempt to shield them from a potential judgment in this action in violation of North Carolina's Uniform Voidable Transaction Act ("UVTA"). ECF 208-3, ¶¶ 9–10.[5] On September 10, 2019,

---

[3] *Philips N. Am. LLC v. Dorow*, No. 3:19-cv-00272 (W.D.N.C. June 11, 2019).

[4] *Philips Med. Sys. Nederlands B.V. v. TEC Holdings, Inc.*, No. 3:10-cv-00373-MOC-DCK (W.D.N.C. July 30, 2019).

[5] Philips also alleged violations under civil conspiracy and Unfair and Deceptive Acts or Practices under North Carolina General Statutes § 75-1.1. ECF 208-3, ¶¶ 174, 181.

Philips sued Dustin Zimmerman. ECF 208-4.[6] That complaint alleges Zimmerman, another Transtate employee, improperly obtained and used Philips' proprietary, confidential, or trade secret information. ECF 208-4, ¶ 1–5.

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. . . . Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (citation omitted). However, the plaintiff's choice of forum "is entitled to less weight when none of the parties resides there." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004).

In determining whether a transfer is appropriate under § 1404(a), the Court must first assess whether the alternative venue is one where the action could have

---

[6]   *Philips N. Am. LLC v. Zimmerman*, No. 3:19-CV-00444-GCM (W.D.N.C. Sept. 10, 2019). In addition to Plaintiffs in this case, Philips Medical Systems (Cleveland), Inc., Philips Medical System Technologies Ltd., and Koninklijke Philips N.V. joined as plaintiffs in the suit against Zimmerman.

been brought. *Mirasco, Inc. v. Am. Nat. Fire Ins. Co.*, No. 1:00-CV-947-ODE, 2000 WL 34440850, at *4 (N.D. Ga. July 5, 2000) ("[T]he threshold question is whether this action might have been brought in the [other district court]."). Next, the Court must weigh private and public factors, which include:

> (1) [T]he convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135, n.1 (11th Cir. 2005). District courts have considerable discretion in weighing these factors. *Tommy Bahama Grp., Inc. v. The Walking Co.*, No. 1:07-CV-1402-ODE, 2007 WL 3156254, at *2 (N.D. Ga. Oct. 19, 2007).

### III. DISCUSSION

As neither party disputes that this case could have been brought in the WDNC, the Court need only address whether the public and private factors support transfer. Defendant Wheeler argues that recent developments have "overwhelmingly" tipped the scales in favor of transfer. ECF 208-1, at 3. In support of this claim, he points to the addition of himself as a Defendant and the three

related actions filed by Philips in the WDNC. *Id.* at 3–4. In response, Philips argues the following: the course of this litigation has shown that Defendants are fully capable of litigating in this district; Defendant Wheeler is not actually "new" to the case as he has been leading Transtate's defense for more than two years; and, the WDNC cases are not sufficiently related to this matter to support transfer. ECF 221-1, at 1–4. Philips alleges that Defendant Wheeler's motion "is just part of a larger campaign to delay." ECF 221-1, at 2.

### a.   Related Matters and the First-Filed Rule

The Court first addresses Defendant Wheeler's claim that the existence of the related actions in the WDNC is sufficient by itself for the Court to grant transfer and Philips' corresponding assertion that the first-filed rule prevents the Court from granting transfer.

Defendant Wheeler asserts that allowing related actions to continue in different district courts is exactly the kind of waste of time, energy, and money that § 1404(a) seeks to prevent. ECF 208-1, at 12. Thus, he contends, this factor "by itself is sufficient to tip the scales in favor of transfer." *Id.* In response, Philips claims that the cases Defendant Wheeler cites fall short of requiring transfer because of the mere existence of a related matter. ECF 221-1, at 16. Philips also argues that this situation is distinguishable from those cases because the related

matters here do not present identical issues, and were brought against different defendants, and require unique findings as to each defendant. ECF 221-1, at 16–17. Finally, Philips asserts that, if the Court finds that the WDNC cases present the same issues as this case, the first-filed rule governs and makes this Court the appropriate forum. ECF 221-1, at 18.

The Court agrees with Philips that the cases cited by Defendant Wheeler do not hold that a related matter in a different district court is sufficient by itself to grant transfer. Rather, the courts in those cases considered the existence of a related matter when balancing the § 1404(a) factors. *Fairbanks Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:13-CV-2399-MHC, 2015 WL 11232355, at *5–6, 8–9 (N.D. Ga. Feb. 11, 2015) (considering related matter under convenience of parties factor and trial efficiency and interests of justice factor); *Mirasco*, 2000 WL 34440850, at *5 (evaluating § 1404(a) factors and noting that related action was "[t]he most persuasive reason" for granting transfer); *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001) (considering related matter under Third Circuit's "practical considerations" factor); *Martin v. South Carolina Bank*, 811 F. Supp. 679, 686 (M.D. Ga. 1992) (considering related matter as part of convenience of parties factor and interest of justice factor). Thus, the Court finds

that the existence of the related matters is not controlling on its own, but its practical effect should be considered when weighing the § 1404(a) factors.

The Court, however, disagrees with Philips' assertion that the first-filed rule applies here. Under the first-filed rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel*, 430 F.3d at 1135. In the Eleventh Circuit, "the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Id.* (internal quotation omitted).

Philips argues that if the Court finds the cases are related, the first-filed rule applies, and this district is the proper venue. ECF 221-1, at 18. But as Defendant Wheeler notes, this Court has found that the first-filed rule is not applicable when the same party files multiple lawsuits in different districts. ECF 234-1, at 6; *see Intendis, Inc. v. River's Edge Pharm., LLC*, No. 1:11-CV-01634-RLV, 2011 WL 13096139, at *1 (N.D. Ga. Oct. 24, 2011). Philips has not cited any cases that apply the rule under these circumstances. Rather, Philips' cases apply the rule in order to prevent the defendant in the first-filed action from turning around and filing its own action in a different forum. *Manuel*, 430 F.3d at 1134 (applying first-filed rule

when defendant filed suit in Ohio state court after plaintiff filed in Northern District of Georgia); *Fairbanks*, 2015 WL 11232355, at *1 (applying rule when plaintiff filed in N.D. Ga. after defendant filed action in S.D.N.Y.); *Mirasco*, 2000 WL 34440850, at *3 (applying rule when plaintiffs filed in N.D. Ga. after defendants filed in S.D.N.Y.); *Martin*, 811 F. Supp. at 682 (applying rule when plaintiff filed in N.D. Ga. after defendant filed in N.D. Ala.). The rule should not be applied here because the forum shopping concerns generated in those circumstances are not applicable when the same party files related actions in different fora.

Since the Court has found that the existence of the related actions is not sufficient by itself to grant transfer and the first-filed rule does not bar transfer, it will now balance the private and public § 1404(a) factors to see whether transfer is warranted.

b.     **Philips' Choice of Forum**

While the plaintiff's choice of forum is accorded considerable deference, it is entitled to less weight when none of the parties reside in that forum. *Ramsey*, 323 F. Supp. 2d at 1355. Further, "it is not a more important factor than the presence of related proceedings in the transferee district." *Mirasco*, 2000 WL 34440850, at *5 (quoting *Martin*, 811 F. Supp. at 686). As the Court previously held, this factor only "weakly weighs against transfer" since none of the parties reside in this district,

ECF 39, at 11. It is even weaker now that Philips has filed three related proceedings in WDNC, one of which is against these very same Defendants.

### c. Convenience of the Witnesses

The convenience of the witnesses is the most important § 1404(a) factor. *Sarvint Techs., Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015). The moving party "must make a specific showing of inconvenience to witnesses." *Id.* When evaluating convenience, courts will "give less weight to inconvenience to witnesses who are employed by a party, because the party can ensure their presence at trial." *Id.* at 1267.

In its prior order, the Court concluded that this factor weighed against transfer. The Court reasoned that Dorow and Griswold, who had been identified as key witnesses, should be considered party witnesses for purposes of the transfer analysis, and the convenience of party witnesses is accorded less weight. ECF 39, at 6. The Court noted that the non-party witnesses in this case are various hospital employees throughout the country, including some in Georgia. *Id.* at 6–7. Ultimately, the Court found that this factor did not weigh in favor of transfer because Transtate I did not identify any key non-party witnesses who would be inconvenienced, and the party witnesses are interspersed throughout the country. ECF 39, at 7.

This factor now favors transfer, even when considering the lower level of deference given to the convenience of employee witnesses.[7] Philips has already compelled or requested the testimony of Zimmerman, Dorow, and Griswold, all of whom are defendants in one of the WDNC cases. ECF 208-1, at 17. The need to depose those three employees in this case highlights the relatedness of this action to the actions in the WDNC. It also suggests that other non-party witnesses may ultimately be compelled to testify in both districts if this action is not transferred. ECF 208-1, at 18. Thus, the existence of the three related matters in the WDNC, particularly one involving the very same defendants in this action, makes transfer substantially more convenient for both non-party and party witnesses alike. *Mirasco*, 2000 WL 34440850, at *4 ("[R]egardless of the forum a number of witnesses will have to travel some distance. However, that burden would be significantly increased for all parties and witnesses were they required to travel between two forums due to their involvement in related actions being tried in different states.").

---

[7] Defendants argue that Griswold and Dorow are not party witnesses and have declined to produce them for depositions. Philips has moved for this Court to compel Griswold's and Dorow's depositions as "managing agents." ECF 140. This opinion does not resolve that motion, but regardless, it is undisputed that Griswold and Dorow are employees of a party and the inconvenience to employees of a party is accorded less weight. *Sarvint*, 161 F. Supp. at 1267.

Additionally, while Philips argues that more service locations are located within the subpoena power of this Court, it has not shown that it intends to subpoena every service location or any specific service locations in Georgia. A review of Philips' discovery requests shows that Philips has sought discovery from witnesses across the country; and it is no more likely to need discovery from non-party witnesses in Georgia than North Carolina or anywhere else.[8]

### d. Convenience of the Parties

The Court finds that this factor also weighs in favor of transfer. Plaintiffs are located in the Netherlands, India, Delaware, and Massachusetts. As noted in the Court's prior order, Philips has never provided any reason why this district is more convenient for it than the WDNC [ECF 39, at 8], and it is now actively pursuing other claims in the WDNC. Further, the WDNC is significantly more convenient for Defendants as that is where Transtate is located and where Defendant Wheeler resides. ECF 208-1, at 2, 6.

---

[8] Philips has served deposition subpoenas on Zimmerman, Dorow, and Griswold, all of whom reside in the WDNC [ECF 208-1, at 17; 234-1, at 8]; served six document production subpoenas to various medical systems (including two in California, one in Georgia, one in Iowa, one in Ohio, and one in Illinois); and, deposed one non-party located in California [ECF 234-1, at 8].

### e. Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

For the reasons stated in its prior order, the Court finds that this factor does not weigh in favor of transfer. ECF 39, at 7–8.

### f. Locus of Operative Facts

For the reasons stated in its prior order, the Court finds that this factor weighs in favor of transfer. ECF 39, at 9.

### g. Availability of Process to Compel Attendance of Unwilling Witnesses

While Philips notes that there are four more service locations located within 100 miles of this Court than the WDNC, it has not shown any reason why the service locations within this Court's reach are more likely to be the source of witnesses, and Philips has not sought to depose any witnesses from those service locations. Thus, the Court finds that this factor is neutral.[9]

---

[9] Defendant Wheeler argues that this factor should favor transfer because Dorow and Griswold are within the subpoena power of the WDNC and are currently opposing Plaintiffs' attempts to compel their depositions. ECF 208-1, at 21. However, the Court finds that it would be improper to consider the availability of Dorow and Griswold because Defendants have significant control over the availability of their own employees.

### h. Relative Means of the Parties

The Court finds that this factor favors transfer. While both sides appear to be financially capable of continuing to litigate in this Court, Philips has placed an additional and unnecessary financial burden on Defendants by compelling them to defend related litigation in multiple districts.

### i. Forum's Familiarity with Governing Law

For the reasons stated in its prior order, the Court finds that this factor is neutral. ECF 39, at 11.

### j. Trial Efficiency and the Interests of Justice

The Court finds that trial efficiency and the interests of justice favor transfer because of the existence of multiple related actions. The Court agrees with Philips that the WDNC cases do not present identical issues to this case, however, the cases are clearly related. All four actions stem from the alleged misappropriation of Philips' protected information by Transtate and its employees and involve many of the same parties and key witnesses. Further, with respect to the WDNC case where the parties here are all named, Philips' ability to recover under the UVTA for Defendants' alleged fraudulent transfer of assets depends entirely on the outcome of this action. As a result, transferring the case serves judicial economy and protects the parties and witnesses against unnecessary delay,

inconvenience, and expense that would stem from having closely related matters play out in different district courts.

The Court is mindful of Philips' concern that the case has been delayed previously and the close of fact discovery is quickly approaching. It also does not take lightly the burden that transfer of this case will have on its sister court in WDNC. However, given the developments in this case and in WDNC since the filing of Transtate I's motion to transfer, the private and public factors of § 1404(a) now substantially weigh in favor of transfer to WDNC and Defendant Wheeler's instant motion to transfer is well taken.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Wheeler's motion to transfer pursuant to § 1404(a). The Clerk is **DIRECTED** to transfer this case to the WDNC of North Carolina and **CLOSE** this case. Defendant Wheeler's Motion to Stay Discovery [ECF 210] pending resolution of his motion to transfer is **DENIED AS MOOT**. The Court will not address the remaining motions because the case is being transferred.

**SO ORDERED** this the 10th day of January 2020.

_____
Steven D. Grimberg
United States District Court Judge